RECEIPT NUMBER

ORIGINAL   200520781

14

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

THOMAS E. DIAZ,

    Plaintiff,

Vs.

JUDGE : Friedman, Bernard A.
DECK  : S. Division Civil Deck
DATE  : 02/03/2005 @ 13:57:14
CASE NUMBER : 2:05CV70423
REM DIAZ V. INKSTER CITY OF (DA)

CITY OF INKSTER,

    Defendant.

MAGISTRATE JUDGE CAPEL

| JAMES K. FETT (P39461) | EDWARD D. PLATO (P29141) |
|---|---|
| **FETT & FIELDS, P.C.** | **JOHNSON, ROSATI, LaBARGE,** |
| Attorney for Plaintiff | **ASELTYNE & FIELD, P.C.** |
| 805 E. Main Street | Attorney for Defendant |
| Pinckney, MI 48169 | 34405 W. Twelve Mile Rd., Ste. 200 |
| (734) 954-0100 | Farmington Hills, MI 48331-5627 |
|  | (248) 489-4100 |

## PETITION FOR REMOVAL

**NOW COMES** Defendant, CITY OF INKSTER, by and through its attorneys, JOHNSON, ROSATI, LaBARGE, ASELTYNE & FIELD, P.C., and hereby petitions this Court pursuant to Title 28, U.S.C.A. §1441, § 1443 and §1446 for removal of the above entitled cause to the United States District Court for the Eastern District of Michigan, Southern Division, for the following reasons:

1.    On or about December 21, 2004, Plaintiff, THOMAS E. DIAZ, filed a cause of action against Defendant, CITY OF INKSTER, in the Wayne County Circuit Court and said cause of action was assigned case number 04-438646-CD.

2. Summons was issued against the Defendant on or about December 21, 2004. A photocopy of the Summons served upon the CITY OF INKSTER and the Complaint, are attached hereto. Service was effected upon Defendant, CITY OF INKSTER, on January 11, 2005.

3. That the U.S. District Court, Eastern District of Michigan, Southern Division, has original jurisdiction of this civil action under the provisions of Title 28, United States Code, §1331, and this civil action may be removed to this Court by the Defendant pursuant to the provisions of Title 28, United States Code, §1441, §1443 and §1446 in that the Plaintiff has alleged in his Complaint that the Defendant violated his federal constitutional rights to equal protection of the laws under the Fourteenth Amendment of the United States Constitution.

4. That the time for the filing of this Notice of Removal has not expired and has been made timely pursuant to Title 28, United States Code, §1446.

5. That written notice of the filing of this Removal has been given to all parties as required by law and the Wayne County Circuit Court.

6. That a copy of this Removal has also been filed with the Clerk of the Court for the Circuit Court for the County of Wayne, State of Michigan.

7. That attached hereto and incorporated by reference is a true and accurate copy of all process and pleadings, which have been served upon Defendant, CITY OF INKSTER.

WHEREFORE, Defendant and Petitioner, CITY OF INKSTER, respectfully requests that it may effect removal of the within action from the Circuit Court for the

County of Wayne, State of Michigan, to the United States District Court for the Eastern District of Michigan, Southern Division.

        Respectfully submitted,

        JOHNSON, ROSATI, LaBARGE,
        ASELTYNE & FIELD, P.C.

        */s/ Edward D. Plato*
        By: EDWARD D. PLATO (P29141)
        Attorney for Defendant
        34405 W. Twelve Mile Rd., Ste. 200
        Farmington Hills, MI 48331-5627
        (248) 489-4100

Dated: February 3, 2005

| STATE OF MICHIGAN THIRD CIRCUIT COURT | SUMMONS AND RETURN OF SERVICE | CASE NO. 04-438646 CD |
|---|---|---|



**COURT ADDRESS:** 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226

**COURT TELEPHONE NO.** (313) 224-5243

**THIS CASE ASSIGNED TO JUDGE:** SUSAN D BORMAN      Bar Number: 11016

**PLAINTIFF**
DIAZ THOMAS E          PL 01   VS   INKSTER CITY OF      DF 002

**DEFENDANT**

**PLAINTIFF'S ATTORNEY**
JAMES K. FETT
(P-39461)
005 E MAIN ST
PINCKNEY, MI 48169-8147
734-954-0100

**CASE FILING FEE:** PAID     **JURY FEE:** PAID

**ISSUED:** 12/21/04     **THIS SUMMONS EXPIRES:** 03/22/05     **DEPUTY COUNTY CLERK:** PAMELA OLIVER

*This summons is invalid unless served on or before its expiration date.      Cathy M. Garrett – Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| 04432483 | | |

The action  ☐ remains   ☐ is no longer   pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

Date _____     Signature of attorney/plaintiff _____

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement.

FORM NO. WC101 REV. (3-98)   MC 01 (10/97)   **SUMMONS AND RETURN OF SERVICE**   MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206 (A

STATE OF MICHIGAN
WAYNE COUNTY CIRCUIT COURT

THOMAS E. DIAZ,

    Plaintiff,

v

                                      Case No. 04-        -CD
                                      Hon.

CITY OF INKSTER,

    Defendant.

---

James K. Fett (P39461)
Lawrence A. Fields (P66084)
Fett & Fields, PC
805 E. Main St.
Pinckney, MI 48169
734-954-0100
Attorneys for Plaintiff

## COMPLAINT AND JURY DEMAND

A complaint was previously filed by this Plaintiff against this Defendant based on conduct the same allegations in this complaint. The case was captioned: Thomas E. Diaz v City of Inkster, Case No. 04-432483-CD and was assigned to Honorable Susan D. Borman.

*James K. Fett*
James K. Fett
Attorney for Plaintiffs

PLAINTIFF, through counsel states the following complaint against Defendant.

## NATURE OF CLAIM

1. This is a proceeding for declaratory and injunctive relief and for money damages against Defendant to redress the purposeful discrimination in promotions against Plaintiff under the Elliott-Larsen Civil Rights Act.

2. The amount in controversy exceeds $1,000,000.

3. Plaintiff is a Hispanic and resides in Wayne County.

4. Defendant is a municipal corporation in Wayne County, Michigan.

5. Plaintiff became an auxiliary police officer with Defendant in 1987.

6. In 1989 Defendant hired Plaintiff as a Patrolman.

7. Plaintiff was promoted to Road Patrol Sergeant in September 1999 and Lieutenant in May 2003.

8. City Manager Robert Gordon ("Gordon") started in 2001 that the next Chief of Police would be African-American; Gordon's statement was consistent with his past practice of replacing white administrators with African-Americans.

9. Police Chief Terry Colwell retired on or about May 16, 2003.

10. Deputy Chief Phillip Ludos, a white male, became the Acting Chief.

11. Also on or about May 16, 2003 Gordon named Plaintiff Administrative Lieutenant and second in command.

12. Ludos urged Gordon to appoint Plaintiff to the position of Deputy Chief but Gordon refused, citing budget constraints.

13. Ludos resigned on May 23, 2003, when Gordon refused to permanently appoint him Chief of Police as he had earlier promised.

14. Gordon named Plaintiff Interim Police Chief on June 6, 2003 and informed Plaintiff that he would be considered for the permanent appointment as Chief.

15. The same day, Gordon sent Plaintiff a memo listing candidates for the Chief of Police position; in handwriting next to each candidate's name was the candidate's race; the memo requested Plaintiff to conduct a background investigation with respect to each candidate; the memo is attached as **Exhibit A**; Gordon later decided to conduct his own background investigation.

16. On June 9, 2003, the local union president, Robert McArthur, endorsed Plaintiff to Mr. Gordon for the position of Chief.

17. On June 13, 2003, Gordon informed Plaintiff that he would not be appointing him the permanent Chief of Police.

18. On June 14, 2003 Gordon announced that Marvin Winkler, Jr., an African-American, would be the new Chief of Police; Plaintiff then reverted to the rank of Executive Lieutenant.

19. Despite the alleged budget constraints, Winkler announced that he would be filling the Deputy Chief position.

20. On June 18, 2003, Plaintiff applied for the position of Deputy Chief by submitting his resume to Chief Winkler.

21. On June 30, 2003, Chief Winkler informed Plaintiff that he had selected Gregory Gaskin, an African-American, as Deputy Chief but that Gaskin would remain as Deputy Chief only for 6 months and then the position would be Plaintiff's; Winkler also informed Plaintiff that he had been named Chief before June 6, 2003, confirming that Gordon's alleged selection process was a sham and that Winkler had been pre-selected because of his race.

22. Defendant transferred Plaintiff from Executive Lieutenant to Dayshift Lieutenant on July 3, 2003.

23. On October 23, 2003, Winkler and Gaskin informed Plaintiff that they were in the process of creating a Commander position and, if approved, he would be named Commander.

24. On November 5, 2003, Winkler and Gaskin informed Plaintiff that Gordon would not approve the position if Plaintiff was named Commander; they told Plaintiff that they intended to fill the position with a person from outside the Department for 6 months and then move Plaintiff into the position.

25. On April 26, 2004, Gaskin informed Plaintiff that Aaron Peacock would be named Commander even though he would be leaving the Department in August 2004 to attend law school.

26. In July 2004, Defendant promoted Gregory Hill, an African-American, to the Commander position.

27. Neither Winkler nor Gaskin intended to promote Plaintiff to Deputy Chief or Commander as previously promised; the promises were made to prevent Plaintiff from initiating litigation to vindicate his rights.

28. Defendant did not promote Plaintiff to Chief of Police, Deputy Chief of Police, or Commander despite the fact that Plaintiff:

   a. Has been employed by Defendant for 15 years;

   b. Was Command Officer of the Year in 2002;

   c. Has held a wide variety of positions within the Inkster Police Department, including Patrol Officer, Community Police Officer, Housing Officer, Detective, Road Patrol Sergeant, Administrative Sergeant, Detective Special Lieutenant, Investigations Unit Sergeant, Administrative Lieutenant, Interim Chief and Road Patrol Lieutenant.

d. Is more qualified than the African-American applicants who were promoted;

e. Is otherwise eminently qualified for promotion to Commander, Deputy Chief and Chief.

29. Defendant, acting under color of law, have promulgated and continued an informal policy extending preferential treatment based on race in promotions which constitute a denial of Plaintiff's right to equal protection of the laws as guaranteed by the 14th Amendment to the United States Constitution; This informal policy has been described in the preceding paragraphs of this Complaint.

30. Plaintiff has been discriminated against on the basis of his race in violation of Elliott-Larsen Civil Rights Act in that:

a. He is Hispanic;

b. He applied and is well qualified for promotion to Commander, Deputy Chief and Chief of Police;

c. Defendant rejected Plaintiff's applications for promotion and instead filled them with African-Americans; these decisions were based on the race of the applicants; and

d. Defendant's predisposition to promote based on race is evidenced by Gordon's memo listing the name and race of the applicants for Chief of Police as well as Gordon's statement to Lieutenant Smith that the next Chief would be an African-American.

31. Defendant's illegal discrimination has caused Plaintiff damages.

WHEREFORE, Plaintiff requests (1) judgment against Defendant in amount in excess of $75,000 for his non-economic damages; (2) an award in excess of $75,000.00 for the value of lost wages and benefits, past and present; (3) an award of costs, interest and attorney fees; (4) promotion

to the position of Commander, Deputy Chief or Chief; and (5) such other equitable relief as the Court deems just, including an injunction enjoining further racial preferences.

          Respectfully submitted,

          FETT & FIELDS, P.C.

          By: James K. Fett (P39461)
          Lawrence A. Fields (P66084)
          805 E. Main St.
          Pinckney, MI 48169
          734-954-0100

Dated: December 16, 2004     Attorneys for Plaintiff

## JURY DEMAND

NOW COMES the Plaintiff, through counsel, and hereby demands trial by jury in the above captioned matter.

Respectfully submitted,

FETT & FIELDS, P.C.

By: James K. Fett (P39461)
Lawrence A. Fields (P66084)
805 E. Main St.
Pinckney, MI 48169
734-954-0100
Attorneys for Plaintiff

Dated: December 16, 2004

H:\IM\CLIENT\Oka\Complaint-Oksuk 12-04.doc

7

# CITY OF INKSTER
## OFFICE OF THE CITY MANAGER
## INTER-OFFICE MEMORANDUM



**Robert L. Gordon**
**City Manager**

To: Police Chief Phillip Ludos
From: Robert L. Gordon, City Manager *(signed R.L.D.)*
Date: June 6, 2003
Subj: Background check for Police Chief

---

Please do a background check on the following persons for the position of Police Chief:

Thomas A. Wolfe — White Male

License Number:
Date of Birth:
Social Security Number:

William T. Rogers — White male

License Number:
Date of Birth:
Social Security Number:

Marvin H. Winkler, Jr. — Black Male

License Number:
Date of Birth:
Social Security Number:

Jerry L. Flowers — American Indian Male

License Number:
Date of Birth:
Social Security Number:

# CIVIL COVER SHEET

**05-70423**

JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
THOMAS E. DIAZ

## DEFENDANTS
CITY OF INKSTER **BERNARD A. FRIEDMAN**

**MAGISTRATE JUDGE CAPEL**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Wayne
(EXCEPT IN U.S. PLAINTIFF CASES)

26163

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Wayne
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(C) ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)
James K. Fett (P39461)
805 E. Main Street
Pinckney, MI 48169
(734) 954-0100

ATTORNEYS (IF KNOWN)  BAF/Capel
Edward D. Plato (P29141)
34405 W. Twelve Mile Rd, Ste. 200   70423
Farmington Hills, MI 48331-5627
(248) 489-4100

## II. BASIS OF JURISDICTION
[X] 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

## IV. NATURE OF SUIT
[X] 440 Other Civil Rights

## V. ORIGIN
[X] 2 Removed from State Court

## VI. CAUSE OF ACTION
Plaintiff claims Defendant denied Plaintiff's right to equal protection of the law as guaranteed by the Fourteenth Amendment to the Constitution.

## VII. REQUESTED IN COMPLAINT:
DEMAND $ 25,000 plus
JURY DEMAND: [X] YES

## VIII. RELATED CASE(S) IF ANY
JUDGE: N/A
DOCKET NUMBER: N/A

DATE: February 3, 2005
SIGNATURE OF ATTORNEY OF RECORD: Edward D. Plato

PURSUANT TO LOCAL RULE 83.11

1.  Is this a case that has been previously dismissed?  ☐ Yes
    ☐ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____


2.  Other than stated above, are there any pending or previously
    discontinued or dismissed companion cases in this or any other    ☐ Yes
    court, including state court? (Companion cases are matters in which ☐ No
    it appears substantially similar evidence will be offered or the same
    or related parties are present and the cases arise out of the same
    transaction or occurrence.)

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____


Notes :